UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CURTIS LEE BESS,

Plaintiff,

v.

AUDREY IRENE LIBSON BESS, et al.,

Defendants.

Case No.:  26-CV-362 JLS (SBC)

**ORDER:**

**(1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND**

**(2) SCREENING COMPLAINT**

(ECF Nos. 1, 2).

Presently before the Court are pro se Plaintiff Curtis Lee Bess's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2).  Having carefully considered Plaintiff's Complaint and the law, the Court **GRANTS** Plaintiff's IFP Application and **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**.

/ / /

/ / /

/ / /

1

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by*, 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *Id.*

26-CV-362 JLS (SBC)

In Plaintiff's IFP Application, Plaintiff states that his monthly income is $1,756.00—all from disability payments.  IFP App. at 1.  Plaintiff lists no assets, employer, or savings and states his monthly expenses total $3,445.00.  *See generally id.*  The Court is satisfied that Plaintiff has adequately demonstrated that paying the $405 filing fee would result in his inability to afford the necessities of life.  Accordingly, the Court **GRANTS** Plaintiff's IFP Application.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**I.      Legal Standard**

Because Plaintiff seeks to proceed IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2).  *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").  Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants.  *See Lopez*, 203 F.3d at 1126–27.  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility requires pleading facts

supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Independently, Federal Rule of Civil Procedure 8 requires pleadings to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citations omitted). A complaint which is "argumentative, prolix, replete with redundancy, and largely irrelevant" does not meet Rule 8's requirement of simplicity, directness, and clarity. *Id.* at 1177–78.

Further, courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

## II.   Discussion

Plaintiff lists his claims for relief as: (1) "Stolen Federal Checks"; (2) "Assets on Computer"; (3) "Assets 2018–2026; (4) "I-9 Foundations"; (5) "All Above"; (6) "All Old Equity of Assets"; and (7) "Bank Account in Illinois and Ohio." *See generally* Compl. Plaintiff provides little detail in his Complaint, but it seems Plaintiff is alleging that Defendants Audrey Bess, Leonard Bess, and Donald Trump have stolen checks and other "assets" from 2018 to 2026. *Id.*

Plaintiff's allegations lack the requisite clarity to provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted); *see also McHenry*, 84 F.3d at 1178 (explaining that a

4

complaint lacking "simplicity, conciseness and clarity as to whom [a plaintiff is] suing for what wrongs, fails to perform the essential functions of a complaint").  Moreover, to the extent Plaintiff relies on criminal statutes and seeks criminal punishment, there is no private right of action for violation of a criminal statute.  *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of claims under "criminal statutes that do not give rise to civil liability"); *Keyter v. McCain*, 207 F. App'x 801, 802 (9th Cir. 2006) ("The district court properly dismissed [plaintiff's] claims based on federal criminal statutes because statutes that provide for punishment by fine or imprisonment do not create privately enforceable rights or give rise to civil liability.").  As the Complaint fails to state a claim upon which relief may be granted, the Court must *sua sponte* dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

The Court also notes that while Plaintiff indicates subject matter jurisdiction exists based on diversity of citizenship and a federal issue of "Democracy and Diplomacy in Action," the Complaint states that Defendants are residents of an "Indian Reservation" but does not provide information about what state the Defendants reside in, how the amount in controversy is satisfied, or allegations concerning a federal claim.  *See* Compl. at 2; *Great Nature v. Ewing Bros., Inc.*, No. 20-CV-2064-JAD-EJY, 2022 WL 575745, at *3 (D. Nev. Feb. 25, 2022) ("[A] member of an American Indian tribe is treated like any other citizen for jurisdictional purposes; so she is a citizen of the state in which she resides or her tribe's reservation is located.").  Thus, based on the allegations provided—the Court does not appear to have subject matter jurisdiction.

However, as the nature of Plaintiff's claims is not fully comprehensible by the Court at this time, the Court cannot rule out the possibility that Plaintiff can plausibly allege facts addressing the deficiencies described in this Order.  Thus, the Court will grant Plaintiff leave to amend his complaint.

/ / /

/ / /

/ / /

5

26-CV-362 JLS (SBC)

**CONCLUSION**

In light of the above, the Court:

1)      **GRANTS** Plaintiff's IFP Application (ECF No. 2).

2)      **DISMISSES** Plaintiff's Complaint (ECF No. 1) **WITHOUT PREJUDICE** for its failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  Given Plaintiff's pro se status, the dismissal is **WITH LEAVE TO AMEND**. Plaintiff thus has <u>forty-five (45) days'</u> leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above.   Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Any amended complaint must be complete in and of itself without reference to Plaintiff's original Complaint or FAC; claims not realleged in the amended complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived").  ***If Plaintiff fails to amend within the time provided, the Court will enter a final order dismissing this civil action.***  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  March 19, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-362 JLS (SBC)